UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

FILED
JAN - 8 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES OF AMERICA

v.

RONALD EVANS

5: 19 CR 164 - JRA

Case No. **02-CR-36-B-S**

# MOTION TO TERMINATE SUPERVISED RELEASE

# AFTER COMPLETION OF ONE-YEAR OF SUPERVISION

# PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

*NOW COMES*, Ronald Evans, appearing *Pro se*, and files this "Motion to Terminate Supervised Release", pursuant to **18 U.S.C. § 3583(e)(1)**.

## INTRODUCTION

The District Court enjoys "broad discretion" when after taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See **_United States v. Jeanes_**, *150 F. 3d 483, 484 (5th Cir. 1998)*. "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

**Title 18 U.S.C. § 3583(e)(1)** states that: " The court may, after considering the factors set forth in section **(a)(1), (a)(2)(B), (a)(2)(C), (a)(4), (a)(5), and (a)(6)**, terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release...if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated—as one factor among many—under broad and general directive of § 3583(e)(1)." *Jeanes at 484-485*. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its re-imposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of supervised release time has been served.

*Johnson v. United States*, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

## DISCUSSION

Movant Evans, respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

**I.**

Evans has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, including abstaining from drug use (as evidenced by his continued "clean" drug monitoring), fully obeying the law, and diligently complying with the requirements of the Probation Department. Evans is living a productive lifestyle by holding steady full-time employment while supporting himself, his fiance and four children.

**II.**

When evaluating his offense conduct, criminal history, and potential for further crimes, Evans believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See **Publication 109, p.37 (1993), U.S.**

**Administrative Office of Courts.** See also, **Publication 109, Chapter III, p.19-21 (2007 Revision)**

Evans meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

## CONCLUSION

WHEREFORE, premises considered, Evans asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: 1·5·2021

Respectfully Submitted,

Ronald Evans, *Pro Se*

## CERTIFICATE OF SERVICE

I, Ronald Evans, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, ~~in person~~, to the following parties on this 5 day of January, 2021. Via mail on January 6, 2021

1. United States Attorney Office for the Northern District of Ohio
   Two South Main Street, Room 510
   Akron, Ohio 44308-1813
   Phone: (336) 252-6070

2. United States Department of Probation
   Attn: Mrs. Ashley Frank
   Two South Main Street
   Akron, Ohio 44308-1813
   Phone: (336) 252-6200

_____
Ronald Evans, *Pro Se*