IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:19CR164 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| RONALD EVANS, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION FOR EARLY TERMINATION |
| Defendant. | ) | OF SUPERVISED RELEASE |

Defendant Ronald Evans, who is currently serving an eight-year term of supervision after receiving a 270-month sentence for possession with the intent to distribute in excess of 5 grams of cocaine base, moves this Court for early termination of his supervised release. This Court should deny Defendant's motion because he cannot demonstrate that it is in the interest of justice.

I. **BACKGROUND**

On July 9, 2002, a federal grand jury in the United States District Court of Maine returned a superseding indictment charging Defendant with one count of possession with the intent to distribute in excess of 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (R. 7: Superseding Indictment, PageID N/A). Defendant pleaded guilty on February 12, 2003. (R. N/A: Minute Entry for Proceedings, PageID N/A). On August 13, 2003, Defendant was sentenced to 270 months imprisonment, followed by eight years supervised release. (R. 33: Judgment, PageID N/A). On August 3, 2016, Defendant received an Executive Grant of Clemency wherein his imprisonment was commuted to expire on August 3, 2018, leaving intact and in effect the term of supervised release imposed with all its conditions and all other components of the sentence. (R. 57: Executive Grant of Clemency, PageID 49-51). On

March 19, 2019, Defendant's term of supervised release was transferred from the United States District Court of Maine to the United States District Court for the Northern District of Ohio. (R. 1: Transfer of Jurisdiction, PageID 1).

On February 20, 2020, Defendant filed a Motion to Terminate Supervised Release After Completion of One-Year of Supervision. (R. 16: Motion; PageID 62-72). On March 20, 2020, this Court denied Defendant's Motion. (R. 18: Marginal Entry Order; PageID 77). On January 8, 2021, Defendant filed his second Motion to Terminate Supervised Release after Completion of One-year of Supervision. (R. 21: Motion; PageID 84-90). On January 21, 2021, this Court denied Defendant's Motion. (R. 23: Marginal Entry Order; PageID 93). On February 17, 2022, Defendant filed his Third Motion to Reduce Supervised Release Term Pursuant to 18 U.S.C. § 3583(e)(1). (R. 28: Motion, PageID 104-123).

Defendant's supervision began on August 3, 2018. He has completed 43 months of his 8 year term of supervision.

## II. LAW AND ARGUMENT

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute also instructs the Court to consider the factors set forth in 18 U.S.C. § 3553(a). In this particular instance, the government does not believe that early termination of supervision is appropriate.

Defendant states that he is doing well on supervision and working toward becoming a positive member of society. (R. 28: Motion, PageID 114-117). This is an insufficient showing for terminating supervision. Counsel for the United States believes that Defendant is doing well under supervision because of the restrictions in place. Terminating early is not in the interest of

justice—Defendant seemingly has stability that he lacked during his significant criminal history. Not only will early termination fail as a measure of general deterrence, but it will also potentially take Defendant off the rehabilitation track that he appears to currently be on.

Moreover, Defendant has failed to demonstrate that he merits release under the Section 3553(a) factors. Those factors—which the Court already considered when imposing Defendant's original sentence—do not support his request for early termination.

The Court has already weighed those factors, and at the time of Defendant's initial sentencing in 2003, determined that 270 months, to be followed by eight years of supervision, was appropriate. (R. 33: Judgment, PageID N/A). In simple terms, Defendant was imprisoned and monitored for possessing with the intent to distribute dangerous controlled substances. He has a significant history of controlled substance offenses. (See R. N/A: Pre-Sentence Report). Further, at the time of this offense, he was on supervised release following a conviction for Possession with Intent to Distribute Cocaine Base on March 1, 1999, in the U.S. District Court, Burlington, Vermont, Case No. 98-19-01. And, the instant offense was committed less than two years following his release from custody on September 15, 2000, for the sentence imposed in that case. (See R. N/A: Pre-Sentence Report). Because of his two prior convictions for felony controlled substance offenses, he is considered a career offender. (See R. N/A: Pre-Sentence Report).

If Defendant's supervised release were terminated early, it would be contrary to a weighing of the relevant § 3553(a) factors. Defendant presents no additional facts that meaningfully shift the balance of the § 3553(a) factors in his favor. Since Defendant has served just half of his eight-year period of supervision, at this time Defendant has a significant portion of his post-release control remaining. Granting his motion would undermine the Section 3553(a)

factors. The law and the specific facts of Defendant's case neither demand nor endorse that result. This Court should deny his motion.

### III. CONCLUSION

Because of the nature of Defendant's significant criminal history, the fact that the instant crime was committed while on probation for a prior conviction, and that Defendant has been designated as a career offender, the government respectfully requests that this Court deny Defendant's Motion for Early Termination of Supervised Release. Indeed, early termination would be contrary to a weighing of the relevant § 3553(a) factors. Moreover, Defendant's performance while on supervision and compliance with the terms of the same demonstrate that the structure supervision affords has led to positive growth and a road to success.

Respectfully submitted,

MICHELLE M. BAEPPLER
Acting United States Attorney

By: /s/ Colleen Egan
Colleen Egan (OH: 0083961)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0516
(330) 375-5492 (facsimile)
Colleen.Egan@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on March 11, 2022, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service will be made on this date by regular U.S. mail to Ronald Evans, 819 11th Street, SE, Massillon, OH  44646.  Parties may access this filing through the Court's system.

                                 /s/ Colleen Egan
                                 Colleen Egan
                                 Assistant U.S. Attorney